Case 1:22-cv-02008-JPB   Document 1-1   Filed 05/19/22   Page 1 of 7

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-07308-S5**
**10/7/2021 3:14 PM**
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| **ASHLEY HUGGINS** | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | FILE NO: |
| | ) | |
| **GREGORY LANGDON, LANDSTAR RANGER INC., and OLD REPUBLIC INSURANCE COMPANY** | ) ) ) | 21-C-07308-S5 |
| Defendants. | ) | **JURY TRIAL DEMANDED** |

# COMPLAINT

**COMES NOW** Plaintiff, in the above-styled action and files his Complaint as follows:

1.

The Defendant, Gregory Langdon, is a citizen and a resident of the state of Alabama and may be served through the Non-Resident Motorist Act and may be served pursuant to O.C.G.A. § 40-12-2, by delivering via statutory overnight delivery a copy of the summons and complaint to his resident address at 3201 S Railroad Street, Apt 5, Phoenix City, Alabama 36867, with a copy of process delivered to the Corporations Division of the Georgia Secretary of State's Office at 2 Martin Luther King Jr. Dr., Suite 313 West Tower, Atlanta, Georgia 30334 with $10.00 filing fee and statutorily required affidavit or certified writing. Once served with process as described in this paragraph, Defendant Langdon will be subject to the jurisdiction and venue of the Court

2.

Defendant Gregory Langdon has been properly served with process in this action.

3.

The Defendant, Landstar Ranger Inc. (hereinafter referred to as "Defendant(s)" or "LRI" is a domestic for-profit Georgia corporation registered to do business in the state of Georgia and subject to the jurisdiction and venue of this Court. Service may be made upon Landstar Ranger Inc., by serving its Registered Agent, C T Corporation System, 289 S Culver Street, Lawrenceville, Georgia 30046.

**EXHIBIT A**

Copy from re:SearchGA

3.

Defendant Landstar Ranger Inc. has been properly served with process in this action.

4.

Defendant Landstar Ranger Inc. is a motor carrier doing business in the State of Georgia.

5.

Defendant Old Republic Insurance Company, (hereinafter referred to as "Defendant(s)" or "ORIC" is a foreign insurance corporation that provided liability insurance to Defendant Landstar Ranger Inc., on the 2016 Kenworth T680 Tractor Truck that was involved in the subject collision. Old Republic Insurance Company is subject to the jurisdiction of this Court as the insurer of the motor carrier that was operating the 2016 Kenworth T680 Tractor Truck in Georgia pursuant to O.C.G.A. § 40-1-112

6.

Defendant Old Republic Insurance Company may be served a copy of this complaint on its registered agent, The Prentice-Hall Corporation System, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

7.

Defendant ORIC has been properly served with sufficient process in this action.

8.

The State Court of Gwinnett County has jurisdiction of this matter.

9.

On or about October 4, 2019, Plaintiff Ashley Huggins was stopped in her 2019 Nissan Rouge, east on Red Oak Road near the intersection of Rock Quarry Road in Henry County, Georgia. Plaintiff was legally and lawfully maintaining her own lane of traffic.

EXHIBIT A

Copy from re:SearchGA

10.

At or about the same time, Defendant Gregory Langdon, was traveling in 2016 Kenworth T680 Tractor Truck vehicle owned, leased and/or controlled by Defendant Landstar Ranger Inc., north on Rock Quarry Road in Henry County, Georgia.

11.

Defendant Langdon was inattentive, distracted, failed to keep a proper lookout and negligently attempted to turn left onto Rock Quarry Road but failed to maintain his own lane of traffic and struck Plaintiff's vehicle.

12.

Defendants' negligence includes, but is not limited to one or more of the following: failing to maintain lane of traffic, negligently causing a collision in the roadway, negligently causing serious injury by vehicle, negligently failing to make a proper turn, negligently failing to keep a proper lookout, negligently failing to maintain vehicle under proper control, and any other acts of negligence that may be proven at trial

13.

At all times material to this action Defendant Langdon was operating a vehicle owned, leased, operated, and/or maintained by Landstar Ranger Inc. within the course and scope of his employment with Landstar Ranger Inc.

14.

Defendant Landstar Ranger Inc. is responsible for the actions of Defendant Langdon in regard to the collision described in this Complaint under the doctrine of lease liability, agency, apparent agency, Respondent Superior, or vicarious liability

15.

Defendant Landstar Ranger Inc. was negligent in hiring Defendant Langdon and entrusting him to drive a commercial vehicle.

EXHIBIT A

Copy from re:SearchGA

16.

Defendant Landstar Ranger Inc. was negligent in failing to properly train Langdon.

17.

Defendant Landstar Ranger In. was negligent in failing to properly supervise Langdon.

18.

The subject wreck was a direct result of Defendants' negligence.

19.

At all times mentioned herein, Plaintiff acted with reasonable care under the conditions and circumstances then existing.

20.

Plaintiff was not in any way negligent and is totally free of any fault.

21.

Defendants are liable to Plaintiff for their tortious acts and omissions which include, but are not limited to, the following:

(a)     Failing to maintain proper control of their vehicle;

(b)     Failing to keep a proper lookout;

(d)     Breaching the duty of care while operating a motor vehicle on public roadways by failing to operate the vehicle in a safe and prudent manner, thereby placing the lives and well-being of the motoring public in general, and Plaintiff in particular, in grave danger.

22.

Defendants' tortious acts and omissions proximately caused damage to Plaintiff.

23.

The collision caused serious injuries to Plaintiff.

EXHIBIT A

Copy from re:SearchGA

24.

As a result of the Defendants' negligence and the resulting collision, Plaintiff suffered severe physical injuries and incurred significant medical expenses.

25.

As a proximate result of this collision and Defendants' negligence, Plaintiff has suffered, and continues to suffer from, injuries to her body and mind. Plaintiff claims general and compensatory damages for all components of mental and physical pain and suffering as allowed by Georgia law.

26.

Plaintiff claims special damages for the reasonable value of her past and future medical and rehabilitative treatment, including expenses for hospital services, doctors, and other healthcare services incurred or necessary in the future as a result of her injuries.

27.

Plaintiff is entitled to recover from Defendants for the injuries and pain and suffering sustained, and all other elements of damages allowed under Georgia law, including but not limited to all compensatory, general, special, incidental, punitive, consequential, and/or other damages permitted. Plaintiff states her intention to seek all compensatory, special, economic, consequential, general and all other damages permissible under Georgia Law, including, but not limited to:

a) Personal injuries;
b) Past, present, and future pain and suffering;
c) Disability;
d) Loss of the capacity for the enjoyment of life;
e) Incidental expenses;
f) Lost wages;
g) Loss of earning capacity;
h) Past, present, and future medical expenses;
i) Permanent injuries; and
j) Consequential damages to be proven at trial.

28.

The collision caused serious injuries to Plaintiff.

**EXHIBIT A**

Copy from re:SearchGA

29.

As a result of the Defendants' negligence and the resulting collision, Plaintiff suffered severe physical injuries and incurred significant medical expenses.

30.

As a result of Defendants' negligence, Plaintiff has incurred past medical expenses and will continue to incur future medical expenses.

31.

As a result of Defendants' negligence, Plaintiff has lost time from work and has a claim for past and future lost wages.

32.

Plaintiff is entitled to recover for the injuries and pain and suffering sustained, and all other elements of damages allowed under Georgia law, including but not limited to all compensatory, general, special, incidental, punitive, consequential, and/or other damages permitted.  Plaintiff states his intention to seek all compensatory, special, economic, consequential, punitive, general and all other damages permissible under Georgia Law, including, but not limited to:

- a) Personal injuries;
- b) Past, present, and future pain and suffering;
- c) Disability;
- d) Loss of the capacity for the enjoyment of life;
- e) Incidental expenses;
- f) Lost wages;
- g) Loss of earning capacity;
- h) Past, present, and future medical expenses;
- i) Permanent injuries; and
- j) Consequential damages to be proven at trial

33.

As a result of Defendants' and their agents' bad faith, stubborn litigiousness, and the unnecessary trouble and expense Defendants have caused, Plaintiff is entitled to recover all expenses and attorney's fees pursuant to O.C.G.A. §13-6-11.

EXHIBIT A

Copy from re:SearchGA

WHEREFORE, Plaintiff prays that he has a trial on all issues and for a judgment against the Defendants for the following:

a) Medical, doctor, and rehabilitation expenses in an amount to be proven through the evidence at the time of trial for the past, present, and future;

b) All elements of pain and suffering, for the past, present, and future;

c) Lost wages and loss of earning capacity in an amount for the past, present, and future which will be proven at the time of trial through the evidence;

d) All general, special, compensatory, incidental, consequential, and all other permissible damages and expenses associated with the Plaintiff's injuries and damages in an amount which will be proven at the time of trial;

e) Attorneys' fees and cost of litigation in an amount which will be proven through the evidence at the time of trial;

f) That a jury be impaneled to resolve all factual disputes; and

g) For all further losses and recovery as deemed proper by the Court.

TRIAL BY JURY IS HEREBY DEMANDED.

Respectfully submitted,

**THE DENNIS LAW FIRM, LLC**

André Dennis
Georgia Bar No. 606645
Attorney for Plaintiff

101 Marietta Street NW
Suite 2200
Atlanta, Georgia 30303
Tel: (404) 850-7951
Fax: (404) 850-7948

**EXHIBIT A**

Copy from re:SearchGA