UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ASHLEY HUGGINS,<br><br>    Plaintiff,<br><br>v.<br><br>GREGORY LANGDON,<br>LANDSTAR, RANGER, INC. and<br>OLD REPUBLIC INSURANCE<br>COMPANY,<br><br>    Defendants. | CIVIL ACTION NO.<br>1:22-cv-02008-JPB |

# **ORDER**

This matter came before the Court on Plaintiff Ashley Huggins' ("Huggins") Motion to Remand ("Motion"). ECF No. 6. The Court finds as follows:

## **I.     BACKGROUND**

Huggins filed a complaint against Defendants Gregory Langdon ("Langdon"), Landstar Ranger, Inc. ("Landstar") and Old Republic Insurance Company ("Old Republic") (collectively "Defendants") alleging negligence related to an October 2019 motor vehicle accident in Henry County, Georgia.

Prior to filing suit, Huggins sent Defendants a demand letter dated August 10, 2020 ("Demand Letter"), in which she offered to settle her claim for $500,000. In that letter, Huggins asserted that she had incurred medical expenses "in excess

of" $40,296.32 and itemized medical expenses from various providers in that amount. She described multiple medical diagnoses she allegedly suffered in connection with the accident, including cervicalgia, radiculopathy and thoracic back pain and strain. Huggins stated that she received treatment from a neurologist, underwent "extensive" physical therapy and continues to take pain medication daily. Huggins further asserted that she "encountered several functional deficits that severely affected her instrumental activities of daily living" and that she missed approximately four months of work and lost approximately $9,776 in wages as a result.

During negotiations, Defendants countered Huggins' demand with offers of $50,000, 60,000 and $65,000, and Huggins reduced her demand to $400,000 and then to $150,000. Negotiations thereafter stalled.

On October 7, 2021, Huggins filed the instant action in the State Court of Gwinnett County. Her complaint did not state a specific damages amount and instead alleged only that she intended "to seek all compensatory, special, economic, consequential, punitive, general and all other damages permissible under Georgia Law."

On May 19, 2022, Defendants filed a notice of removal in this Court based on diversity jurisdiction. The notice asserted that Langdon is a resident and citizen

of Alabama; Landstar is a citizen of Delaware and Florida; and Old Republic is a citizen of Pennsylvania. Defendants also contended that the amount in controversy requirement was satisfied based on Huggins' prior settlement demands.

In her Motion, Huggins argues that the matter should be remanded to state court because the state court has personal jurisdiction over Defendants. Huggins also contends that diversity of citizenship does not exist where, as here, a party is a citizen of Georgia. Finally, Huggins asserts that Defendants have not carried their burden to show that the amount in controversy requirement is met because the Demand Letter is not admissible to prove the amount in controversy, and it represents "nothing more than posturing" for settlement purposes.

Defendants respond that they do not dispute that the Gwinnett state court has personal jurisdiction over them but that such acknowledgement does not determine whether removal to federal court is proper. Defendants also point out that all of the defendants are diverse from Huggins, which is all that is required under the diversity jurisdiction statute. Finally, Defendants argue that Eleventh Circuit Court of Appeals precedent authorizes this Court to consider the Demand Letter and that the letter along with the surrounding settlement negotiations demonstrate that the amount in controversy exceeds $75,000.

## II. ANALYSIS

Federal courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states." 28 U.S.C. § 1332(a).  The removing party "bears the burden of proving that federal jurisdiction exists" and must "prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement."[1]  *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001).  "Any doubts about the propriety of federal jurisdiction should be resolved in favor of remand to state court."  *Adventure Outdoors Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008).

The Court agrees with Defendants' position that the Gwinnett state court's ability to exercise personal jurisdiction over Defendants is not a consideration under the removal statute.  As set forth above, diversity jurisdiction is proper where there is complete diversity of citizenship, and the amount in controversy exceeds $75,000.

To that end, the Court also agrees with Defendants that complete diversity of citizenship exists here because all of the defendants are diverse from Huggins.

---

[1] Proving something by a "preponderance of the evidence" means the "amount of evidence that is enough to persuade … that the … claim is more likely true than not true."  *Weathers v. Lanier*, 280 F. App'x 831, 833 (11th Cir. 2008).

Huggins' position—that diversity is destroyed if one of the parties is a Georgia citizen—is an incorrect statement of the law. The focus is on whether the parties on either side of the dispute are citizens of different states.

The remaining question, then, is whether the amount in controversy requirement is satisfied. As proof that the amount in controversy is greater than $75,000, Defendants rely solely on the Demand Letter and related negotiations.[2]

The Court recognizes that a settlement demand typically reflects "puffing and posturing" and is often "entitled to little weight in measuring the preponderance of the evidence." *Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009); *see also Holmberg v. Applica Consumer Prods., Inc.*, No. 1:14-cv-00642, 2014 WL 12625946, at *3 (N.D. Ga. Aug. 12, 2014) (finding that a demand letter that mentions only $670 in medical expenses while seeking a settlement of $150,000 is more "posturing" than an "honest assessment of damages"); *Dean v. Sears, Roebuck & Co.*, No. CA 13-00487, 2014 WL 900723, at *5 (S.D. Ala. Mar. 7, 2014) (finding a settlement demand of $115,000 was mere posturing where the only itemized expenses were $14,265.30 in medical bills and $10,040.38 in lost wages and tuition). However, a settlement

---

[2] Contrary to Huggins' assertion, the Court may consider the Demand Letter in determining whether diversity jurisdiction exists. *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1262 n.62 (11th Cir. 2007).

demand "counts for something."  *Jackson*, 651 F. Supp. 2d at 1281.  Therefore, courts will give such communications weight where the evidence accompanying the demand letter indicates that it is more likely than not that the amount in controversy exceeds the threshold requirement.  *See, e.g.*, *Aviles De Polio v. Burlington Coat Factory Warehouse Corp.*, No. 1:18-cv-5680, 2019 WL 8989870, at *2 (N.D. Ga. Jan. 15, 2019) ("Based on the fact that [the] [p]laintiffs seek medical expenses in excess of $29,744.23 along with additional damages (particularly punitive damages), and issued a demand letter seeking $150,000, the Court concludes that [the] [d]efendants have [met] their burden to demonstrate that the amount in controversy exceeds $75,000."); *Carrington v. Bausch & Lomb, Inc.*, No. 1:07-cv-128, 2007 WL 9703172, at *3 (N.D. Ga. Mar. 8, 2007) (finding that the severity of the alleged injuries, the variety of damages alleged, including punitive damages, and a settlement offer of $4.25 million indicated that the amount in controversy "more likely than not exceed[ed] $75,000").

Although Huggins contends that the Demand Letter reflects more posturing than an honest assessment of damages, the surrounding evidence indicates that it is more likely than not that the amount in controversy exceeds $75,000.  First, the itemized expenses total approximately $50,000, and the Demand Letter indicates that Huggins seeks additional damages.  Moreover, although Huggins' initial offer

to settle the matter for $500,000 was significantly reduced during negotiations with Defendants, her lowest offer was $150,000. She also rejected Defendants' highest counteroffer of $65,000 and instead filed suit. As such, the Demand Letter and the surrounding negotiations constitute evidence that it is more likely true than not that the amount in controversy in this case exceeds $75,000.

The cases Huggins cites in favor of remand do not require a different result. In *Smith v. Bally's Holiday*, the court found that remand was appropriate because the only evidence in the record regarding the amount in controversy was an assertion that the plaintiff's counsel stated in a telephone call that the plaintiff would seek damages "'in the six-figure range.'" 843 F. Supp. 1451, 1452 (N.D. Ga. 1994). By contrast, Defendants have offered a demand letter and evidence of related negotiations to support their position.

The opinion in *Allen v. R & H Oil & Gas Co.* similarly does not support Huggins' position. 63 F.3d 1326, 1337 (5th Cir. 1995). There, the court declined to remand the case because it found that "a claim for punitive damages against three oil companies for wanton and reckless conduct . . . and harm to 512 people

[was], on its face, more likely than not for more than $50,000."[3] *Id*. The facts of *Allen* are inapposite, and the court declined to remand the case.

Based on the foregoing analysis, the Court finds that Defendants have met their burden to show that complete diversity of citizenship exists here and that the amount in controversy exceeds $75,000. Accordingly, the Court **DENIES** Huggins' Motion (ECF No. 6).

**SO ORDERED** this 8th day of December, 2022.

_____
J. P. BOULEE
United States District Judge

---

[3] *Allen* was decided before the amount in controversy requirement was increased to $75,000.